The Honorable Steve Napper State Representative 201 South Chester Street Little Rock, Arkansas 72201-2015
Dear Representative Napper:
I am writing in response to your request for my opinion on the following questions:
 1. May a coroner not ever seize prescription or non-prescription drugs? Or, asked another way, may a coroner seize prescription or non-prescription drugs when, in the coroner's opinion, those drugs may be relevant to the coroner's investigation and determination a decedent[']s cause and manner of death?
 2. May the coroner also destroy those drugs seized after conclusion of the coroner's investigation, or should the coroner deliver those seized drugs for disposal/destruction to the appropriate state or federal agency for disposal/destruction in accordance with applicable law or regulation?
RESPONSE
With respect to your first question, I believe a coroner not only can but must seize any drugs he feels may be relevant to his investigation and determination of a decedent's cause and manner of death. With respect to your second question, although the law allows law enforcement officers to seize and to destroy certain types of medication under particular circumstances, it is far from certain that such seizure and destruction may be undertaken by or through a coroner. Legislative clarification would be helpful.
Question 1: May a coroner not ever seize prescription or non-prescriptiondrugs? Or, asked another way, may a coroner seize prescription ornon-prescription drugs when, in the coroner's opinion, those drugs may berelevant to the coroner's investigation and determination a decedent[']scause and manner of death?
In your request, you reference Ark. Op. Att'y Gen. No. 2000-204, in which I addressed the question: "Is a county coroner legally entitled to take possession of and destroy prescription drugs from the residence of a deceased person?" This question was clearly intended to seek my opinion on whether a coroner could remove and destroy drugs as a matter of course since the person for whom they were prescribed had died. In my response, I offered the conclusion you quote in your request: "The only conceivable rationale for such conduct would be to avoid the possibility that someone else might deliberately or inadvertently abuse the prescription drugs — an admirable end, but not one that falls within a coroner's job description." I still fully subscribe to this opinion.
Your question addresses the entirely different situation in which the coroner has reason to suspect that the drugs may have been implicated in the death. The coroner is charged with investigating any death pursuant to A.C.A. § 14-15-301, which provides:
 When a death is reported to the coroner, he shall conduct an investigation concerning the circumstances surrounding the death of an individual and gather and review background information, including, but not limited to, medical information and any other information which may be helpful in determining the cause and manner of death.
To the extent that the coroner reasonably believes that collecting and analyzing the drugs might aid him in determining the cause and manner of death, I believe this statute not only permits but obligates him to do so.
Question 2: May the coroner also destroy those drugs seized afterconclusion of the coroner's investigation, or should the coroner deliverthose seized drugs for disposal/destruction to the appropriate state orfederal agency for disposal/destruction in accordance with applicable lawor regulation?
Various provisions of the Arkansas Code potentially bear on your question. Subsection 14-15-302(a) of the Code provides:
 A coroner's investigation does not include criminal investigation responsibilities. However, the coroner shall assist any law enforcement agency or the State Crime Laboratory upon request.
It follows that either the coroner or an authorized state law enforcement agency might possess prescription medication in the course of an investigation.
The question of which drugs might be destroyed and by whom is somewhat more complicated. As noted in my response to your first question, there is no blanket authorization for the seizure and destruction of a decedent's prescription drugs. Section 20-64-214 authorizes the Director of the Department of Health to destroy "narcotic drugs" as defined at A.C.A. § 20-64-201(11) if these drugs have been "discarded by the owner thereof or other person entitled to the possession or custody thereof, and upon the Director of the Department of Health delivering to such person an itemized receipt therefor." In my opinion, it would inordinately stretch the meaning of language to describe a decedent's drugs as "discarded." However, the statute further provides:
 All narcotic drugs, the lawful possession of which is not established or the title to which cannot be ascertained, which have come into the custody of a peace officer, shall be forfeited, and disposed of as follows:
 (a) Except as in this section otherwise provided, the court or magistrate having jurisdiction shall order such narcotic drugs forfeited and destroyed. A record of the place where said drugs were seized, of the kinds and quantities of drugs so destroyed, and of the time, place, and manner of destruction shall be kept, and a return under oath, reporting said destruction, shall be made to the court or magistrate and to the United States Director of the Drug Enforcement Administration by the officer who destroys them. . . .
Several statutes potentially bear on the issue of title to the narcotic drugs. Section 20-64-311 of the Code provides:
 No person, other than a person described in 20-64-309 or 20-64-310
[viz., various professionals], shall possess any depressant or stimulant drug unless:
 (1) The drug was obtained upon a valid prescription and is held in the original container in which the drug was delivered; or
 (2) The drug was delivered by a practitioner in the course of his professional practice, and the drug is held in the immediate container in which the drug was delivered.
Section 20-64-312 of the Code provides:
 (a) No person other than a person described in 20-64-309(7) [viz., various professionals] shall obtain or attempt to obtain a depressant or stimulant drug by:
* * *
(2) Falsely assuming the title of . . . stimulant or depressant drugs;
Section 20-64-211 of the Code further provides:
 A person to whom or for whose use any narcotic drug has been prescribed, sold, or dispensed by a physician, dentist, apothecary, or other person authorized under the provisions of 20-64-205, and the owner of any animal for which any such drug has been prescribed, sold, or dispensed, by a veterinarian, may lawfully possess it only in the container in which it was delivered to him by the person selling or dispensing the same.
Finally, A.C.A. § 5-64-505(c)(3) authorizes law enforcement agents to seize without process any controlled substance that is "directly or indirectly dangerous to health or safety."
Read together these statutes can be read to mean that "title" or "lawful possession" of the described drugs can be vested only in the decedent, thus warranting destruction of the narcotics by the Director of the Department of Health pursuant to A.C.A. § 20-64-214. In my opinion, these statutes might warrant confiscating and destroying a decedent's narcotic, depressant and stimulant drugs. However, these statutes might alternatively be read simply as anti-possession legislation whose only effect is to obligate the decedent's devisee or next-of-kin to discard property that, along with the decedent's other personalty, is nevertheless his own. Whatever the appropriate interpretation, I do not read this legislation as sanctioning any wholesale destruction of prescription drugs by or through the coroner, whose investigative powers are sharply circumscribed. See Ark. Op. Att'y Gen. No. 95-263 (opining that while a coroner's responsibilities as a "peace officer" are unclear, he may well be limited to determining whether a crime had occurred). This issue would benefit by legislative clarification.
Finally, with respect to transfer to a federal agency, A.C.A. §5-64-505(d) of the Arkansas Code provides:
 TRANSFER OF PROPERTY SEIZED BY STATE OR LOCAL AGENCY TO FEDERAL AGENCY. No state or local law enforcement agency may transfer any property seized by the state or local agency to any federal entity for forfeiture under federal law unless the circuit court having jurisdiction over the property enters an order, upon petition by the prosecuting attorney, authorizing the property to be transferred to such federal entity. Such transfer shall not be approved unless it reasonably appears that the activity giving rise to the investigation or seizure involves more than one (1) state or the nature of the investigation or seizure would be better pursued under federal law.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh